# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRITTANY SPEAKMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY; and any and all parent companies, subsidiaries, and affiliates, and JOHN DOE DEFENDANTS 1-50,<br><br>Defendants. | CV-19-67-BU-BMM<br><br><br><br>**AMENDED SCHEDULING ORDER** |

The Court held a telephonic preliminary pretrial conference on this matter on March 5, 2020, at the Missouri River Federal Courthouse in Great Falls. Hillary Carls, Esq. and Scott Phelan, Esq. represented Plaintiff Brittany Speakman. Stephanie Oblander, Esq. and Kaitlyn McArthur, Esq. represented Defendants Allstate Fire and Casualty Insurance Company and Allstate Insurance Company.

**IT IS ORDERED:**

1. **Scheduling Order.** The following schedule, established with the concurrence of the parties, will be observed:

| | |
|---|---|
| All amendments of pleadings and joinder of parties on or before: | May 1, 2020 |

1

| | |
|---|---|
| All parties shall disclose liability experts on or before: | October 16, 2020 |
| Plaintiffs shall disclose damages experts (with Rule 26(a)(2) reports) on or before: | October 16, 2020 |
| Defendant shall disclose damages experts (with Rule 26(a)(2) reports) on or before: | November 20, 2020 |
| All parties shall disclose rebuttal experts on or before: | December 18, 2020 |
| Discovery shall close on: | February 26, 2021 |
| All pretrial motions, other than discovery motions, shall be filed and fully briefed on or before: | April 27, 2021 |
| Attorney conference to discuss preparation of final pretrial order on or before: | June 11, 2021 |
| Proposed final pretrial order: | June 25, 2021 |
| Final pretrial conference: | September 1, 2021, 1:30 p.m. Federal Courthouse Great Falls, Montana |
| Trial briefs, jury instructions due: | September 9, 2021 |
| Trial (6 member jury): | September 21, 2021, 9:00 a.m Federal Courthouse Butte, Montana |

A continuance of any deadline set by this Order does not extend any other deadline, absent order of Court permitting.

**IT IS FURTHER ORDERED:**

2. **Local Rules and Electronic Filing.** Parties are advised that revised Local Rules for the District of Montana became effective February 1, 2019, and apply in all cases pending when changes become effective. In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. See also L.R. 1.4.

3. **Service by E-Mail for Parties Not Filing Electronically**. Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing. See L.R. 1.4(c)(3).

4. **Amending Pleadings or Joining Parties.** Parties are not required to seek leave of the Court to amend pleadings or join parties prior to the deadline established in paragraph 1.

5. **Discovery Issues.** Unresolved discovery issues shall be presented for resolution promptly. Discovery motions (with briefs) shall be filed no later than 10 days after counsel has met and conferred as required by Fed. R. Civ. P. 37. Discovery motions not submitted in compliance with this Order will be denied.

6. **Motions**. All motions, except discovery motions, shall be filed to ensure they are fully briefed by the date specified in paragraph 1. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed.

7. **Identification and Authenticity of Written Documents.** The parties stipulate as to identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific objection upon all other parties within 30 days of receipt of the document. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

8. **Expert Reports.** Expert reports for any witness retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony shall be served on or before the disclosure deadline specified in paragraph 1. Such reports are to be in compliance with Fed. R. Civ. P. 26(a)(2)(B) and shall be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate

report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

9. **Rebuttal Experts.** A party may not file an expert rebuttal report on liability unless the party has already filed its own liability expert report.

10. **Supplemental Disclosure.** Initial reports or depositions of experts determined to be inaccurate or incomplete shall be corrected or completed by supplemental disclosure no later than 90 days before trial.

11. **Interim Status Conference.** The Court will convene an interim status conference upon application by any party if deemed necessary or appropriate by the requesting party.

12. **Number of Jurors and Length of Trial**. Trial of this case shall be conducted in Butte, Montana, before a jury of six persons. The parties expect the trial to last 5 days.

13. **Attorney Conference for Trial Preparation.** If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are

waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. See generally Forms D, E, and F, Local Rules Appendix C.

14. **Final Pretrial Order**. The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word format to bmm_propord@mtd.uscourts.gov. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

15. **Final Pretrial Conference.** Counsel for the parties shall appear before the Court in chambers at Great Falls, Montana, for the final pretrial conference on the date and time set forth in paragraph 1. Each party should bring a copy of its trial exhibits if a copy has not already been delivered to chambers. The parties should be prepared to discuss the following at the status conference:

(a) intended use of Real-Time reporting at trial;

(b) intended use of the courtroom electronic evidence system at trial; and

(c) intended use of video conferencing for presentation of witnesses at trial.

16. **Trial Briefs**. Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

17. **Jury Instructions**.

(a) The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>: By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word format to bmm_propord@mtd.uscourts.gov. If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

(c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not

jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in WordPerfect format to bmm_propord@mtd.uscourts.gov.

    (d)    <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to bmm_propord@mtd.uscourts.gov.

18.    **Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (1)    a heading reading "Instruction No. ___", and

        (2)    the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (1)    a heading reading "Instruction No. __",

        (2)    the text of the instruction,

        (3)    the number of the proposed instruction,

        (4)    the legal authority for the instruction, and

        (5)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c) Jury instructions shall be prepared in 14-point Times New Roman font.

19. **Settling of Instructions**. The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

20. **Trial Exhibits**.

(a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b) Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

(d)     Each exhibit must be paginated, including any attachments thereto.  <u>Exhibits shall not be duplicated</u>.  An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as described in (b), above.  The electronic files and paper copy shall be delivered to the chambers of Judge Brian Morris on or before the date of the final pretrial conference.

(f)     <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

21.     **Jury Evidence Recording System (JERS)**.  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the Court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  Detailed information about how to use JERS, including contact information for District personnel who can explain further, is found on the Court's website,  http://www.mtd.uscourts.gov/ under the heading "Attorneys."  Parties must contact the Clerk's office for technical assistance for the use of JERS by the time of the Final Pretrial Conference in the case and in no event less than two weeks before trial.

22. **Calling Witnesses at Trial**. When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

    (a)    the full name and current address of the witness;

    (b)    a brief description of the nature and substance of the witness's testimony;

    (c)    date witness was deposed or statement taken

    (d)    a listing of each exhibit to which the witness may refer during direct examination.

DATED this 13th day of March, 2020.

Brian Morris
United States District Court Judge